opinion

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SERGIO RENTERIA, et al., )<br>  )<br>          Plaintiffs, )<br>  )<br> vs. )<br>  )<br> UNITED STATES OF AMERICA, )<br>  )<br>          Defendant. )<br>  ) | No. CIV 05-532-TUC-CKJ<br><br>**ORDER** |

On May 16, 2006, Magistrate Judge Charles R. Pyle issued a Report and Recommendation [Doc. # 25] in which he recommended Defendant's Motion to Dismiss [Doc. # 9] be granted in part and denied in part. Plaintiffs and Defendant have filed objections to the Report and Recommendation and Plaintiffs have filed a response to Defendant's Objection. Plaintiffs have requested oral argument. The Court finds, however, resolution of the issues is appropriate without oral argument.

The Magistrate Judge has set forth the factual background and this Court will not repeat it here.

*Defendant's Objection to Report and Recommendation*

*Good Samaritan Doctrine*

Magistrate Judge Pyle found that, under Arizona law, the Good Samaritan Doctrine is applicable to economic harm as well as physical harm. *Lloyd v. State Farm Mutual Insurance Co.*, 176 Ariz. 247, 250, 860 P.2d 1300, 1303 (App. 1992); *Jeter v. Mayo Clinic*

*Arizona*, 211 Ariz. 386, 402, 121 P.3d 1256, 1272 (App. 2005). Defendant asserts, however, that the Arizona courts have never applied the doctrine to commercial lending cases and the Arizona courts have not determined whether "a person who gratuitously lends money to a person who relies on the offer will be liable under the Restatement § 323 if the person negligently fails to make the loan, causing economic harm to proposed borrower." Defendant's Objection to Report and Recommendation, p. 3. *Lloyd* and *Jeter* make clear that the Good Samaritan Doctrine applies to economic harm. Neither of these cases nor any other Arizona authority excepts lending from that authority. The Good Samaritan Doctrine, therefore, is applicable to the Renterias' claims.

*Misrepresentation*

Magistrate Judge Pyle also found that the Renterias' claim regarding the inability to plant alfalfa on a leased farm could go forward because the AMTA payments had apparently been approved and the Renterias could reasonably rely on Defendant to use reasonable efforts to timely distribute the funds. Defendant asserts that the misrepresentation exception should bar the Renterias' claim:

> The provisions of this chapter and section 1346(b) of this title shall not apply to – (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . .

28 U.S.C. § 2680(h).

The Renterias assert that, without regard to the misrepresentations, "the defendant's negligent approval of crops that could not be cultivated because of prior use of herbicide is what caused plaintiffs harm, in addition, of course, to the negligent delay in purely ministerial processing of one of the loans causing plaintiffs to lose the benefit of an entire crop season." Plaintiffs' Response to Defendant's Objection to Magistrate's Report and Recommendations, p. 2. Although the Renterias appear to address Defendant's objection as if it is regarding a herbicide claim, Defendant's objection refers to the inability of Plaintiffs to plant alfalfa because of the alleged untimely distribution of funds. The Court will address

- 2 -

1  that objection.

2       The United States is immune under 28 U.S.C. § 2680(h) from "[a]ny claim arising out
3  of ... misrepresentation," whether negligent or willful. *Mount Homes, Inc. v. United States*,
4  912 F.2d 352, 354 (9th Cir. 1990). The § 2680(h) misrepresentation exception is broadly
5  construed. *Frigard v. United States*, 862 F.2d 201, 202 (9th Cir. 1988). This Court "must
6  look beyond the characterizations in the pleadings to distinguish misrepresentation from
7  negligence claims, a task which is frequently far from simple." *Rich Prods. Corp. v. United
8  States*, 804 F.Supp. 1270, 1272 (E.D.Cal. 1992).

9       The United States Supreme Court has provided guidance in distinguishing
10 misrepresentation claims from negligence claims in the context of 28 U.S.C. § 2680(h)
11 immunity claims. *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614
12 (1961); *Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983). Where the
13 plaintiffs relied on an inaccurate written appraisal prepared by the Federal Housing
14 Administration ("FHA"), the Court held that the plaintiff's claim against the FHA based on
15 this reliance was barred by the misrepresentation exception. *Neustadt*, 366 U.S. at 710-11.
16 The Court defined negligent misrepresentation as breach of "the duty to use care in obtaining
17 and communicating information upon which that party may reasonably be expected to rely
18 in the conduct of his economic affairs." *Id*. at 706. The Supreme Court also has
19 distinguished the duty to obtain and communicate accurate information from the duty to
20 perform a separate task. *Block*. In *Block*, the plaintiff received a loan from the Farmers
21 Home Administration ("FmHA") to build her home. *Block*, 460 U.S. at 291. The loan
22 agreement required the FmHA to approve all plans and gave the FmHA the right to inspect
23 and test all materials and workmanship. *Id*. When plaintiff discovered that the completed
24 house was defective, plaintiff sued FmHA alleging that it had failed properly to inspect and
25 supervise construction. *Id*. at 297. The Supreme Court held that FmHA was subject to suit
26 for allegedly breaching a separate duty to supervise the construction of the plaintiff's home,
27 independent of its duty to obtain and communicate information. *Id*. at 297. The Supreme
28 Court distinguished *Neustadt* on the grounds that plaintiffs in *Neustadt* had alleged no injury

1 that they would have suffered independent of their reliance on the negligent appraisal. *Id*.
2 In *Block*, however, the FmHA's misrepresentations were not essential to the claim of
3 negligent supervision. *Id*. The Supreme Court held that FmHA's "duty to use due care to
4 ensure that the builder adhere to previously approved plans and cure all defects before
5 completing construction [was] distinct from any duty to use due care in communicating
6 information" to the plaintiff. *Id*. The Court concluded that the misrepresentation exception
7 did not bar the claim in *Block*. *Id*.

8 Therefore, in determining whether a claim is barred by the § 2680(h)
9 misrepresentation exception, this Court must look beyond the language in which the
10 complaint is couched and consider the "essence" or "gravamen" of the suit. *Rich Products*
11 *Corp. v. United States*, 804 F.Supp. 1270, 1273 (E.D.Cal. 1992) (*citing Mount Homes, Inc.*,
12 912 F.2d at 355). "[I]f the alleged misrepresentation is essential to the claim then the action
13 is barred even though there is some other allied negligence by the government, for example,
14 in gathering the information that proves inaccurate." *Id*. "When government misinformation
15 is at issue, plaintiff must allege injury independent of that caused by the erroneous
16 information." *Id. citing Mount Homes, Inc.* 912 F.2d at 356. The misrepresentation
17 exception "particularly protects the United States from suit by commercial entities which
18 claim to have lost money because of reliance on false government information." *Id*.

19 In stating a claim of negligence rather than misrepresentation, a plaintiff must
20 eliminate the government's communication of inaccurate information from the essence of the
21 claim. *See id*. The essence of the Renterias' claim is that the failure of Defendant to timely
22 distribute the funds caused the Renterias to lose the benefit of an entire crop season. The
23 essence of the action is based on negligent performance of a task separate from any alleged
24 duty to obtain and communicate information. The Renterias' claim regarding the inability
25 to plant alfalfa on a leased farm because the funds were not timely distributed is not barred
26 by the misrepresentation exception.

*Plaintiff's Objection to Magistrate's Report and Recommendations*

*Crop Year 2000*

The Renterias assert that the Report and Recommendation incorrectly determined that the Renterias had failed to state a claim for the 2000 crop year. The Magistrate Judge determined that the Renterias were not legally entitled to rely on their expectations for a loan to be approved promptly. The Renterias assert that the Magistrate Judge incorrectly considered information outside of the complaint. Although review is limited to the contents of the complaint, *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996), a dismissal is appropriate if some other bar to relief is apparent from the face of the complaint. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, ¶ 12.07 at 12-68 to 12-69 (2d ed. 1991 & supp. 1191-92), *citing Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The Court agrees with the Renterias that a determination of whether the Renterias reasonably relied upon receiving a loan is not a question that can be determined in a motion to dismiss. However, if the Renterias did not have a legal right to rely upon receiving the loan, the Court need not reach the issue of whether the reliance was reasonable. Here, the loan could have been denied or not immediately funded.[1] The Renterias' apparent attempt to "equate loan eligibility with loan entitlement," *Helgeson v. Bureau of Indian Affairs*, 153 F.3d 1000, 1004 (9th Cir. 1998), simply does not make the Renterias legally entitled to rely on their expectations of an approved loan. The Court finds that the Renterias have not stated a claim for crop year 2000.

*Crop Year 2001*

The Renterias object to the Magistrate Judge's consideration of the issue of whether Defendant had a duty to prevent the Renterias from entering into and ultimately defaulting

---

[1] The Court notes that the Renterias object to consideration of this possibility because it is not contained within the complaint. However, 7 U.S.C. § 1983a(4) recognizes that loans may not be immediately funded. This is not a factual consideration, but a legal consideration.

- 5 -

1 on the loans. Rather, the Renterias assert that the Court should consider Defendant's duty to
2 avoid negligently impairing collateral securing a loan. In support of this assertion, the
3 Renterias cite to A.R.S. § 47-9207.A. That provision provides that " . . . a secured party shall
4 use reasonable care in the custody and preservation of collateral in the secured party's
5 possession." A.R.S. § 47-9207.A. However, the Renterias have not alleged that Defendant
6 was in possession of the collateral. Moreover, the Renterias have alleged that Defendant
7 caused or exacerbated the crop failures, not that Defendant impaired the collateral[2] itself.
8 The Court finds that the Renterias have not stated a claim establishing that Defendant had
9 a duty pursuant to this statute. The Court finds, therefore, that the Renterias have failed to
10 state a claim of negligence pursuant to this statute.

11 The Renterias also assert that Defendant's duty regarding the collateral in this case
12 cannot be decided without considering the loan documents, the circumstances surrounding
13 the decision on what crops to plant, Defendant's knowledge of the herbicide problem, and
14 other issues. The Renterias cite *Frederick v. United States*, 386 F.2d 481, 487 (5th Cir.
15 1967), for the proposition that a creditor may be sued if he irregularly or negligently sells
16 security. There is no such allegation in this case. Similarly, the Renterias cite *Lifemark*
17 *Hospitals, Inc. v. Liljeberg Enterprises, Inc.*, 304 F.3d 410 (5th Cir. 2002), which holds that
18 to exhibit a "trust relationship" requires protection of the debt or obligation and the collateral.
19 This duty, however, arose from substantive Louisiana "pledge" law.[3] However, the Renterias
20 have failed to allege under what authority a duty is required in Arizona. Moreover, the
21 Renterias' reliance on *First National Bank v. Milford*, 239 Kan. 151, 718 P.2d 1291 (1986),
22 for the determination of who is responsible for the care and preservation of crops fails to

---

[2]The Court notes that the Renterias have not alleged that the property upon which the crops were planted was even the collateral for the loans. Rather, it appears that the collateral for the loans was real property situated in Oregon. Complaint, ¶ 11.

[3]Arizona does appear to recognize the principle of "pledge" through A.R.S. § 47-9207. *See* Douglas S. John, *Ariz. Legal Forms, Commercial Transactions* § 9.98 (2d ed.) ("A secured party in possession of collateral before default is a kind of bailee (pledgee)". However, as stated, there is no allegation of possession in this case.

- 6 -

1  consider that such a duty was imposed by a statute similar to A.R.S. § 47-9207.A. because
2  the "creditor" exercised dominion and control over the crops "sufficient to establish a duty
3  on its part to use reasonable care in preserving the [crops]." 239 Kan. at 156-57, 718 P.2d
4  at 1296.  Here, there is no allegation that Defendant exercised dominion or control over the
5  crops; i.e., there has been no allegation of possession.  The Court finds the Renterias have
6  failed to state a claim upon which relief can be granted based on negligently impairing the
7  collateral.

*Crop Year 2002*

The Renterias having failed to state a claim for relief based on Defendant negligently impairing the collateral in 2001, the Renterias cannot state a claim that their inability to obtain loans for the 2002 crop year is attributable to any breach of duty by Defendant.

After an independent review, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 25] is ADOPTED;
2. Defendant's Motion to Dismiss [Doc. # 9] is GRANTED in part;
3. All claims related to crop year 2000 are DISMISSED;
4. The claim that Defendant negligently loaned money in crop year 2001 is DISMISSED;
5. The claim that the Renterias' inability to obtain a loan for the 2002 crop year was caused by Defendant is DISMISSED;
6. The Renterias' claim related to Defendant's negligent failure to timely disburse funds to allow herbicide treatment for the 2001 crop year and the Renterias' claim that FSA failed to timely distribute funds for the crop year 2002 survive the Motion to Dismiss, and;

1   7. This matter is referred back to Magistrate Judge Charles R. Pyle for further
2 pretrial proceedings and report and recommendation in accordance with the provisions of 28
3 U. S. C. § 636(b)(1) and  L.R.Civ.P. 72.1 and 72.2.
4       DATED this 11th day of September, 2006.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge

- 8 -